﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191114-43270
DATE: October 30, 2020

REMANDED

Entitlement to individual unemployability based on individual unemployability (TDIU) due to service-connected disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from January 1967 to January 1969. 

In November 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran opted in from the statement of the case issued in November 2019. The Veteran timely appealed to the Board and requested a Direct review of the evidence considered by the RO. 

1. Entitlement to individual unemployability based on individual unemployability (TDIU) is remanded.

The Board finds the May 2018 VA examiner’s opinion that the Veteran is able to lift, carry, push and pull with some difficulties due to his heart disability, but at the same time he can use his hands for repetitive actions, is inadequate to fully determine the impact of the Veteran’s service-connected heart disability on his ability to secure or follow a substantially gainful employment consistent with his education and occupational experience.

This is primarily because the Veteran’s TDIU functional impact assessment is devoid of the Veteran’s capabilities as a Maintenance Supervisor prior to his service-connected heart disability, and no comparison was made to the Veteran’s specific limitations in performing such tasks at his current 60 percent heart disability rating. There were also no contemporaneous statements made by the Veteran during his May 2018 TDIU assessment with regards to his 27-year employment. 

As such, the Board concludes the Veteran should be given an opportunity to provide additional evidence in support of his claim for TDIU and provided additional examination prior to adjudication on its merits, and that consequently, a remand of this issue is warranted. This issue is being remanded to correct a duty to assist error that occurred prior to the November 2019 rating decision on appeal. 

The matters are REMANDED for the following action:

1. Give the Veteran an opportunity to provide additional evidence in support of his claim for TDIU. Specifically, request that the Veteran provide detailed information with regards to the nature and circumstances of his long employment (October 1989 to December 2016) as a Maintenance Supervisor at Dexter Housing Authority – such as, his job responsibilities, including if manual/hands-on in nature, on-site or off-site, duration/hours per day he was on his feet, versus working at his desk. 

2. Upon the completion of (1), schedule the Veteran for an appropriate VA examination (other than with the May 2018 VA examiner) to provide a functional assessment of the Veteran’s service-connected heart disability (i.e. cardiovascular disease status post myocardial infarction) on the Veteran’s ability to secure or follow a substantially gainful employment consistent with his education and occupational experience, and without consideration of the Veteran’s age or nonservice-connected disabilities. The examiner should specify the Veteran’s job capabilities prior to his heart disability compared to his current limitations as a result of his heart disability. 

The Veteran’s entire claims file, including a copy of this remand, must be made available to and be reviewed by the examiner prior to performing the examination, and the VA examination report should reflect that a review was completed.

In this regard, the examiner must elicit a history from the Veteran regarding his education and work experience. The examiner is asked to consider all of the Veteran’s lay statements regarding the impact of his service-connected heart disability on his ability to work, and any other additional employment-related information submitted by the Veteran. 

A detailed rationale for the opinions must be provided. If the examiner is unable to offer a requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge.

3. The Agency of Jurisdiction (AOJ) should review any report to ensure its compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures at once. Then, after conducting any other development deemed necessary, the RO should readjudicate the Veteran’s claim of entitlement to a TDIU.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.B. King, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.